Thomas L. Brown, Esq. (031017)
Carli B. Clarkson, Esq. (038613)
**ERNST, BROWN & DRAPER, PLLC**
1930 S. Alma School Road, Suite A200
Mesa, AZ 85210
Telephone: (602) 324-9673
Email: TBrown@ebdlawyers.com
Email: CClarkson@ebdlawyers.com
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmie Devany, an individual, Shad Warren, an individual, and Cody Kayser, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Expert Consulting and Management, LLC, an Arizona limited liability company, d/b/a GreenPharms<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(Fair Labor Standards Act- collective action)**<br><br>**(Jury Trial Requested)** |

Jimmie Devany, Shad Warren, Cody Kayser, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, file this collective action and class action complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Arizona Wage Statute, A.R.S § 23-350 *et. seq.* and Federal Rules of Civil Procedure ("FRCP") Rules 3, 7(a)(1), and 8(a). Plaintiffs allege:

## Nature of the Action

1. Plaintiffs allege on behalf of themselves and all other similarly situated

employees who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) that they are entitled to unpaid wages, including unpaid tips, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2. Plaintiffs allege, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a class of similarly situated employees, that they are entitled to the minimum wage and timely payment of all wages due, plus interest, treble damages, and penalties as allowed by A.R.S. § 23-350 *et. seq.*

## Parties, Jurisdiction and Venue

3. At all relevant times, Plaintiff Jimmie Devany has been an adult resident and domicile of Coconino County.

4. At all relevant times, Plaintiff Shad Warren has been an adult resident and domicile of Coconino County.

5. At all relevant times, Plaintiff Cody Kayser has been an adult resident and domicile of Coconino County.

6. At all relevant times, Plaintiffs have been an "employee" of Defendant as that term is defined in 29 U.S.C. 203(e)(1), A.R.S. § 23-350(2), and A.R.S. § 23-362(A).

7. At all relevant times, Plaintiffs were employed as a "Budtender", a job which is not exempt from tips wages pay requirements set forth in 29 U.S.C. 201.

8. Plaintiffs are 3 of approximately 50 Representatives that work in or have worked as a Budtender and employed by Defendant at its workplace located at 7121 US-89, Flagstaff, AZ 86004, and work as with the title of "Budtender", or a substantially similar title (collectively, "Bartenders").

9. Pursuant to 29 U.S.C. 216(b) and 29 U.S.C. 256, Plaintiffs previously consented to opt in and serve as the party plaintiff in this lawsuit filed for collective action relief under the FLSA on October 3, 2024.

10. Defendant is an Arizona limited liability company authorized to do

business in Maricopa County, Arizona.

11. At all relevant times, Defendant has been the "employer" of Plaintiffs as that term is defined in 29 U.S.C. 203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).

12. At all times relevant, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA. Defendant transacts business in Arizona under the name Expert Consulting and Management, LLC d.b.a. GreenPharms.

13. Defendant is an "enterprise engaged in commerce" as that term is defined in 29 U.S.C. 203 (r)(1) and (s)(1).

14. Upon information and belief, GreenPharms had annual gross sales of at least $500,000.00 each relevant year.

15. All events alleged herein occurred in Coconino County Arizona.

16. This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

17. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim.

18. This Court is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b).

### **FLSA Collective Action Allegations**

19. Plaintiffs bring the FLSA unpaid wages in the form of tips and FLSA unpaid break wage claims as a collective action on behalf of themselves and all similarly situated Collective Members with substantially the same duties and responsibilities as Plaintiffs who work or have worked for Defendant who elect to opt into the FLSA claims asserted in this action.

20. Defendant is liable under the FLSA for, *inter alia*, failing to properly

compensate Plaintiffs and similarly situated employees. Defendant's failure to pay earned compensation in the form of tips due to the pooling and distribution of said tips allowing management to take a portion of tips and unpaid rest periods.

21. Plaintiffs pursue the requested relief on behalf of the following Collective Members: All persons employed by Defendant GreenPharms as an Budtender now or any time over the last three years from the GreenPharms workplace located at 7121 US-89, Flagstaff, AZ 86004, believed to be approximately 50 in number, who were not fully provided wages earned from tips under FLSA or who have not been paid for rest periods of less than 20 minutes as required by the FLSA within the applicable statute of limitations applicable to this action.

22. Plaintiffs are Collective Members among those who they seek to represent because they have been a non-exempt hourly wage paid Budtender during the relevant period and were routinely denied complete wages earned in the form of tips under FSLA and were required to take unpaid rest period of less than 20 minutes in violation of FLSA.

23. Plaintiffs and the Collective Members are similarly situated in that they perform the same or similar duties, responsibilities, and activities that are relevant to the unpaid wages earned in the form of tips and unpaid rest period of less than 20 minutes by Defendant.

24. Upon information and belief, GreenPharm pooled tips that were earned by Budtenders and distributed tips based on hours worked.

25. Upon information and belief, Plaintiffs and Collective Members almost always earned daily tips that were pooled together.

26. Upon information and belief, Managers and supervisors took a share of Budtenders tips in violation of U.S.C 29 203(m)(2)(B).

27. Plaintiffs and the Collective Members are similarly situated in that they are subject to the same or similar policies and procedures of the Defendant.

28. Plaintiffs and the Collective Members are similarly situated in that they each have been harmed by Defendant's failure to compensate them their unpaid wages earned in the form of tips and unpaid rest periods of less than 20 minutes.

29. Defendant's FLSA violations for failure to properly compensate Plaintiffs and Collective Members has been caused by the Defendant's standard policies and business practices that are applicable to the Plaintiffs and the Collective Members.

30. The Defendant's compensation practices have been routine and consistent. Throughout the relevant time period over the past three years, the Plaintiffs and the Collective Members regularly were not paid all wages earned in the form of tips required by FLSA.

31. The Defendant's failure to pay for breaks required by the FLSA arises from generally applicable policies or practices and does not depend on the personal or unique circumstances of the Plaintiffs or the Collective Members. The Plaintiffs' experiences alleged herein are typical of the experiences of the Collective Members.

**Factual Allegations**

32. Plaintiff Devany began working for GreenPharms as a budtender on or about September 26, 2020.

33. Plaintiff Shad Warren began working for GreenPharms as a budtender on or about May 23, 2022.

34. Plaintiff Cody Kayser began working for GreenPharms as a budtender on or about June 25, 2022.

35. At all times relevant, Plaintiffs were tipped employees and should have been receiving tips from GreenPharms.

36. At all times relevant, Plaintiffs sold cannabis products to patients that came to GreenPharms located in Coconino County.

37. Since Plaintiffs' first day of work, GreenPharms, through management,

has been pooling all the tips from the budtenders and distributing them to every employee in the store including management, leads, and Budtenders.

38. GreenPharms distributed tips based on total hours each employee worked over the course of the pay period.

39. Mr. Devany worked from September 26, 2020, until November 22, 2022, as a Budtender receiving less tips than he was owed.

40. Mr. Devany worked a total of 1661.36 as a Budtender before he was promoted to a lead role with GreenPharms.

41. Because of GreenPharms illegal practice with the tip pool, Mr. Devany was wrongfully denied compensation for all his tips.

42. Mr. Devany is missing an estimated $7,908.07 in unpaid tips.

43. Mr. Warren worked from May 23, 2022, until June 16, 2024, as a Budtender receiving less tips than he was owed.

44. Mr. Warren worked a total of 2,885.96 hours as a Budtender with GreenPharms.

45. Because of GreenPharms illegal practice with the tip pool, Mr. Warren was wrongfully denied compensation for all his tips.

46. Mr. Warren is missing an estimated $13,736.29 in unpaid tips.

47. Mr. Kayser worked from June 25, 2022, until June 25, 2023, as a Budtender receiving less tips than he was owed.

48. Mr. Kayser worked a total of 1,479.59 hours as a Budtender before he was promoted to a lead role with GreenPharms.

49. Because of GreenPharms illegal practice with the tip pool, Mr. Kayser was wrongfully denied compensation for all his tips.

50. Mr. Kayser is missing an estimated $7,042.85 in unpaid tips.

51. At all time relevant, Plaintiffs were required to take at a minimum one 15-minute break while on shift.

52. Plaintiff Devany worked 446 shifts for a total of 3,122.03 hours.

53. Plaintiff Devany was not paid for 111.50 hours of the 3,122.03 of work resulting in damages of at least $4,348.50 in unpaid wages.

54. Plaintiff Warren worked 427 shifts for a total of 2,885.96 hours.

55. Plaintiff Warren was not paid for 102.09 hours of the 2,885.96 of work resulting in damages of at least $4,762.50.

56. Plaintiff Kayser worked 395.61 shifts for a total of 2,769.29 hours.

57. Plaintiff Kayser was not paid for 99.00 hours of the 2,769.29 of work resulting in damages of at least $4,805.46.

58. On some occasions two 15-minute breaks were required depending on the length of the shift.

59. All breaks were unpaid in violation of federal law.

60. Plaintiffs and the Collective Members are owed unpaid wages of a sum according to proof.

61. Defendant GreenPharms maintains the sole source of the information for the records for Plaintiffs' time clocked into GreenPharms's system and subsequently clocked out for rest periods and has an obligation to maintain those records pursuant to 29 U.S.C. 211(c).

## COUNT I
## VIOLATION OF THE FLSA – UPAID WAGES FROM TIP POOLING
## All Plaintiffs against All Defendants

62. Plaintiffs, on behalf of himself and all Collective Members, reasserts the allegations set forth in the above paragraphs.

63. The Plaintiffs and all Collective Members were required by GreenPharms to pool all tips throughout the workday.

64. The tips that were earned by Budtenders were distributed amongst all employees working that shift.

65. A portion of the tips was distributed to managers, supervisors, and leads working on that shift in violation of 29 U.S.C. 203 (m)(2)(B).

66. The pooling requirements alleged herein caused the Plaintiffs and all Collective Members to be denied compensation they earned.

67. Because of the Defendant's willful and unlawful acts, a three-year statute of limitations applies to this action, pursuant to 29 U.S.C. 255.

## COUNT II
## VIOLATION OF THE FLSA – UNPAID REST PERIOD
## All Plaintiffs against All Defendants

68. Plaintiffs, on behalf of himself and all Collective Members, reasserts the allegations set forth in the above paragraphs.

69. Defendant paid Plaintiffs and the Collective Members on an hourly basis, and they are and were all entitled to the minimum wage protections of the FLSA as set forth in 29 U.S.C. §§ 201, et seq.

70. The Plaintiffs and all Collective Members were required by GreenPharms to clock into GreenPharm's timekeeping system at the beginning of their shift.

71. Defendant required Plaintiffs and Collective Members to take unpaid 15-minute rest periods in violation of 29 CFR 785.18.

72. Defendant failed to comply with 29 U.S.C. § 206 because Defendant failed to pay the Collective Members the minimum wage as required by the FLSA.

73. Defendant GreenPharm's unlawful conduct alleged herein in Arizona has been continuous and willful. The Defendant is a well-established business and it knew or should have known that its wage and hour policies and practices have been unlawful and unfair.

74. Because of the Defendant's willful and unlawful acts, a three-year statute of limitations applies to this action, pursuant to 29 U.S.C. 255.

## COUNT III
## VIOLATION OF ARIZONA'S WAGE ACT – UNPAID REST PERIOD

**All Plaintiffs against All Defendants**

75.   Plaintiffs on behalf of himself and all Collective Members, reasserts the allegations set forth in the above paragraphs.

76.   At all times relevant to this action, Plaintiffs were employees of Defendant and Defendant was an employer of Plaintiffs within the meaning of and subject to A.R.S. § 23-350.

77.   A.R.S. § 23-351(C) provides that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due the employees up to that date."

78.   Defendant violated A.R.S. § 23-351 by failing to pay wages due Plaintiffs within the time periods specified in A.R.S. § 23-351.

79.   Defendant did not timely pay Plaintiff Devany for 15-minute rest periods in 446 shifts for a total of 3,122.03 hours.

80.   Plaintiff Devany was not paid for 111.50 hours of the 3,122.03 of work resulting in damages of at least $4,348.50 in unpaid wages.

81.   Defendant did not timely pay Plaintiff Warren for 15-minute rest periods in 427 shifts for a total of 2,885.96 hours.

82.   Plaintiff Warren was not paid for 102.09 hours of the 2,885.96 of work resulting in damages of at least $4,762.50.

83.   Defendant did not timely pay Plaintiff Kayser for 15-minute rest periods in 395.61 shifts for a total of 2,769.29 hours

84.   Plaintiff Kayser was not paid for 99.00 hours of the 2,769.29 of work resulting in damages of at least $4,805.46.

85.   As a result of Defendant's violations of A.R.S. § 23-351, Plaintiffs are entitled to an award of the unpaid wages, with prejudgment-interest thereon, and are entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to A.R.S. § 23-355.

## COUNT IV
## **Breach of Contract**
## **Plaintiff Devany against All Defendants**

86. Plaintiff Devany incorporates the allegations above as though fully set forth herein.

87. Plaintiff Devany and GreenPharms opposing counsel had an oral agreement to finalize a settlement between Plaintiff and GreenPharms.

88. Defendant's counsel agreed to put settlement in writing for Plaintiff's signature.

89. Plaintiff has never excused, waived, released or discharged the oral settlement agreement between Plaintiff and GreenPharms.

90. Defendant GreenPharms has breached the settlement agreement by revoking the agreement after Plaintiff accepted.

91. Defendant's breach has caused Plaintiff harm.

92. Plaintiff harm needs to be compensated.

93. In addition, Plaintiff seeks his attorney's fees under the A.R.S. § 12 341.01(A), as well as his taxable costs and interest as set forth in Arizona statute (to the extent it interest is applicable).

## COUNT V
## **Breach of the Implied Covenant of Good Faith and Fair Dealing**
## **Plaintiff Devany against All Defendants**

94. Plaintiff Devany incorporate the allegations above as though fully set forth herein.

95. Every contract contains the implied duty of good faith and fair dealing in which a party will not do anything to deny the other party to the contract of the other party's reasonably expected benefits under the contract.

96. Defendant's conduct denied Plaintiff its reasonably expected benefits under the parties' contractual relationship.

97. Plaintiff reasonably expected to receive the $12,000 settlement



agreement based on the conversation with the Defendants.

98. Defendant failed to pay the $12,000 settlement owed.

99. Defendant's actions denying Plaintiff the reasonably expected benefits under the Agreement have damaged Plaintiff in an amount to be proven at trial, but no less than $12,000.

100. In addition, Plaintiff seeks recovery of his attorney's fees and costs under A.R.S. §§ 12-341 and 12-341.01.

### Plaintiffs' Consent

Pursuant to 29 U.S.C. 216(b), We hereby consent to be the Plaintiffs in this lawsuit filed for a collective action relief under the FLSA.

Signed: _Jimmie Devany (Oct 3, 2024 10:20 PDT)_   Signed: _Shad Warren (Oct 3, 2024 13:01 PDT)_   Signed: _Cody Kayser (Oct 3, 2024 14:18 PDT)_

Jimmie Devany                    Shad Warren                    Cody Kayser

### Relief Requested

Based upon the foregoing, Plaintiffs individually and on behalf of the Collective Members, requests the following orders, relief, and judgment against the Defendant:

1. For an order conditionally certifying the actions under the FLSA as a collective action and providing notice to all members so they may participate in the lawsuit;

2. For an order appointing Plaintiffs as the Representative of the collective action and his undersigned counsel collective action counsel;

3. For damages according to proof for unpaid tips, and unpaid rest periods under the FLSA, 29 U.S.C. § 201 et. al.

4. For liquidated damages pursuant to 29 U.S.C. 216(b);

5. For interest as provided by law at the maximum legal rate;

6. For reasonable attorneys' fees pursuant to 29 U.S.C. 216(b);

7. For "costs of the action" as defined and provided by 29 U.S.C. 216(b).

8. For "civil penalties" as defined and provided by 29 U.S.C. 216(b).

9. For such other relief as this Court deems fair and equitable, including injunctive relief.

10. For compensatory damages and statutory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-364.

11. For compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 et seq.

Dated this 3rd day of October 2024.

**ERNST, BROWN & DRAPER, PLLC**

By /s/ Thomas Brown
Thomas Brown
1930 S Alma School Road, Suite A200
Mesa, AZ 85210
*Attorneys for Plaintiffs*